O
JS-6

**AMENDED**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY E. JOHNSON; JAMES P. GRAY; and GARY JOHNSON 2012, INC.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>                   Defendant. | Case No. 8:12-cv-1626-ODW(JCx)<br><br>**DISMISSAL ORDER** |

      The Court has received Plaintiffs' response to the Court's Order to Show Cause. (ECF No. 13.)   Upon review, the Court finds Plaintiffs' arguments tenuous and unsupported under established law.

      First, Plaintiffs assert that they are not seeking review of the Federal Election Commission's decision denying Plaintiffs' funding request.  (Response 2.)  But the Court finds that Plaintiffs' Complaint states otherwise: "An actual dispute has arisen between Plaintiffs and Defendant, namely that Plaintiffs claim they are entitled to pre-general election funding as set forth above, the Defendant claims Plaintiffs are ineligible for such funding." (Compl. 5.)  To now argue that a review of FEC's denial of funding is not the purpose of this suit is pure doublespeak:

> Here, Plaintiffs' suit asks this court <u>not</u> to review the FEC's previous decision regarding funding, but to interpret statutory language over which the parties disagree, in order to construe, and thus implement, a certain provision of the Presidential Campaign Funding Act, specifically 26 U.S.C. § 9004(a)(2)(A).

(Response 3.)   And because Plaintiffs—regardless how they choose to word their arguments—seek review of the FEC's denial of funding, the only court with jurisdiction to hear such a review is the United States Court of Appeals for the District of Columbia.[1]   26 U.S.C. § 9011(a); *Fed. Election Comm'n v. Reform Party of the U.S.*, 479 F.3d 1302, 1309 (11th Cir. 2007) (finding that despite Counterclaimants' assertion that the district court had jurisdiction under 26 U.S.C. § 9011(b), the counterclaim should be dismissed because it sought review of a FEC decision concerning recovery of campaign funds—a review exclusive to the D.C. Circuit.)

Second, even if Plaintiffs' true intent is to seek statutory interpretation of 26 U.S.C. § 9004(a)(2)(A), there still must be an actual case or controversy. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).   There is only one actual controversy here: whether the FEC's denial was proper.   Thus, if the Court accepts Plaintiffs' stance that they do not seek review of the FEC's denial of funding, then the Court must also find that there is no actual case or controversy.   All Plaintiffs seek is an advisory opinion—this, the Court declines to do.

And Plaintiffs' suggestion that this outcome "writes [26 U.S.C. § 9011(b)] out of existence" is overstated.   (Response 4.)   Section 9011(b) allows district courts to hear "suits [to implement the statutory chapter] that do not concern review of certifications, determinations, or other actions by the [FEC]."   *FEC*, 479 F.3d at 1308.   For instance, such suits may be ones brought by the FEC to recover campaign funds as a result of audit under 26 U.S.C. § 9007.   *FEC*, 479 F.3d at 1307.   Or assuming there is standing, a suit by a political party's presidential candidate to challenge the

---

[1] What Plaintiffs truly seek is the determination that the meaning of "minor party" in 26 U.S.C. § 9004(a)(2)(A) escapes the definition of "minor party" as defined in a separate section.  That is, as used in the statutory chapter, the term "minor party" means "a political party whose candidate for office of President in the preceding presidential election received . . . 5 percent or more but less than 25 percent of the total number of popular votes received by all candidates for such office."  26 U.S.C. § 9002(7).  By eliminating the 5% requirement, Plaintiffs seek to distinguish themselves as a "minor party,"—even though they only received 0.81% of the popular votes in the previous election—so that they may receive FEC funding for the 2012 presidential election.  (Compl. 5.)

constitutionality of the 5% "minor party" rule in 26 U.S.C. § 9004(a)(2)(A).  Such suits would be proper in district courts because they are distinct from suits (like this one) merely seeking review of a FEC determination.  *Id.*

Finally, the Court finds no merit in Plaintiffs' contention that for a § 9011(b) suit, any jurisdictional determination must be made by a three-judge court. (Response 1.)  The statute does not read in the manner Plaintiffs suggest:

> The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subsection and shall exercise the same without regard to whether a person asserting rights under provisions of this subsection shall have exhausted any administrative or other remedies that may be provided at law.  Such proceedings shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of title 28, United States Code, and any appeal shall lie to the Supreme Court.

26 U.S.C. § 9011(b)(2).  A three-judge court is proper when a district court has proper jurisdiction over a case filed under § 9011(b): "Such proceedings shall be heard and determined by a court of three judges."  *Id.*  Conversely, when jurisdiction is improper, a three-judge court is not necessary because the case is not "such" a proceeding under § 9011(b).  This position is further supported by the statute authorizing three-judge courts: "Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges . . . ."  28 U.S.C. § 2284(b)(1).  In *FEC*, the Eleventh Circuit affirmed the lower court's decision, which dismissed the § 9011(b) counterclaim on jurisdictional grounds, even though a lone district judge—and not a three-judge court—made the decision.  *FEC*, 479 F.3d at 1309; *See Fed. Election Comm'n v. Reform Party of the U.S.*, No. 1:04-cv-00079-MP-AK, 2005 U.S. Dist. LEXIS 31391, at *1 (N.D. Fla. Nov. 22, 2005).  Here, because of the lack of jurisdiction discussed above, the Court finds that it only takes one judge—and not a three-judge court—to dismiss this case.

For the reasons discussed above and in the Court's October 4, 2012 Order to Show Cause, this case is hereby **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 15, 2012

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**